# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

**CLARENCE A. HILL, JR.**                                                  **PLAINTIFF**

**v.**                                     **CIVIL ACTION NO. 4:18-CV-P170-JHM**

**HEAD NURSE ANGIE FUNK** *et al.*                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff Clarence A. Hill, Jr., leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims but allow others to proceed for further development.

### I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at the Daviess County Detention Center (DCDC). He names five individuals as Defendants in this action – Head Nurse Angie Funk; Nurse Practitioner Matthew Johnson; DCDC Jail Commander Art Maglinger; DCDC Major Jack Jones; and DCDC Lt. Moore. He sues these Defendants in both their official and individual capacities.

Plaintiff first alleges that after he was arrested on September 15, 2018, he informed DCDC medical staff on September 17, 2018, that he took certain prescription medications daily – " 3 different blood pressure pills, 2 psychic different pills, and 1 pill for headaches due to trauma to my head over the years." He states that he gave the medical staff permission to go to his property to get a piece of paper that had his prescriptions written down and also gave them his doctor's name and phone number so that they could get in contact with the doctor regarding his medications. Plaintiff alleges that Defendants Funk and Johnson then told him that if he kept "coming to the door asking about my meds or trying to get my blood pressure checked out, that

they would have me locked up." Plaintiff alleges that he then told Defendants Moore and Jones about how he was being treated by "medical" but that they told him that they could not help him. Plaintiff alleges that he finally started receiving one blood pressure pill in the morning after "his lady" called and spoke with Defendants Moore and Jones.

Plaintiff also states that he requested to be transferred to the jail in Paducah, Kentucky, because that is where his doctor's office is located.

Plaintiff concludes his complaint as follows:

[T]hey have not gave me any of my medication beside some blood pressure pills for over 40 days as of right now . . . since it has been that long of a time without them [t]hey have cause me a lot of pain and suffering and a lot of uncomfortable state of mind. I am paranoid of a lot of people and I believe that they are out to get me and plotting against me. I have told [Defendants Moore and Jones] on numerous, numerous times, that I am on the verge of snapping and choking out over it. I even told them to move me in High Risk.

As relief, Plaintiff seek punitive damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a § 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## A. Official-Capacity Claims

"[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants are actually against the Defendants' employer(s). *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county). It appears from the complaint that some Defendants are employed by Daviess County while others may be employed by a privately-contracted medical provider. In any event, the Sixth Circuit has held that the same analysis that applies to § 1983 claims brought against municipalities applies to private corporations contracted to provide medical services to inmates. *See, e.g.*, *Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (recognizing that a "*Monell* custom or policy claim" can be brought under § 1983 against a private corporation that provides medical care to inmates); *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (applying *Monell*'s municipal liability standard to the private corporation that had been contracted to operate a jail) (citing *Street v. Corr. Corp. of Am.*, 102 F. 3d. 810, 814 (6th Cir. 1996)).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*,

989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not claim that any alleged violation of his constitutional rights was the result of a custom or policy implemented or endorsed by either Daviess County or a private entity contracted to provide medical services to DCDC inmates. As such, the Court will dismiss Plaintiff's official-capacity claims for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

#### 1. Defendant Jailer Maglinger

Because Plaintiff does not make any allegations against Defendant Maglinger, the Court construes the complaint as suing Defendant Magliner in his role as a supervisor of the other Defendants. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a

supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Because the complaint makes no reference to Defendant Maglinger, it fails to demonstrate that he encouraged any specific incidents or implicitly authorized, approved, or knowingly acquiesced in any unconstitutional conduct. Accordingly, Plaintiff's individual-capacity claims against Defendant Maglinger will be dismissed for failure to state a claim upon which relief may be granted.

### 2. Other Defendants

Based upon the allegations contained in the complaint, the Court will allow Eighth Amendment claims for deliberate indifference to serious medical needs to proceed against Defendants Funk, Johnson, Jones, and Moore. The Court will also allow First Amendment retaliation claims to proceed against Defendants Funk and Johnson based upon Plaintiff's allegation that they threatened to "have [him] locked up" if he continued to seek medical treatment. In allowing these claims to proceed, the Court passes no judgment on their merit or ultimate outcome.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims against all Defendants and his individual-capacity claims against Defendant Maglinger

are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**The Clerk of Court is DIRECTED to terminate Defendant Maglinger as a party to this action.**

The Court will enter a separate Order to govern the claims it has allowed to proceed.

Date: January 12, 2019

Joseph H. McKinley Jr., District Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
Daviess County Attorney
4414.011