UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**CLARENCE A. HILL, JR.**                                                              **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO. 4:18-CV-P170-JHM**

**ANGIE FUNK** *et al*.                                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a Fed. R. Civ. P. 12(b)(6) motion to dismiss filed by Defendant Angela Funk (DN 14).[1]

**I.**

In a motion to dismiss pursuant to Rule 12(b)(6), "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). In order to survive a motion to dismiss under Rule 12(b)(6), a party must "plead enough factual matter to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The Court may grant a motion to dismiss "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief." *Garceau v. City of Flint*, 572 F. App'x 369, 371 (6th Cir. 2014)

---

[1] On March 13, 2019, the Court entered an Order directing Plaintiff to respond to this motion (DN 18). On March 29, 2019, Plaintiff filed an amended complaint (DN 21). The Court construes Plaintiff's amended complaint as his response to the instant motion.

(citing *Iqbal*, 556 U.S. at 677-79). Moreover, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## II.

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. In the complaint, Plaintiff alleges that, following his arrest and subsequent incarceration at Daviess County Detention Center (DCDC), he notified DCDC medical staff on September 17, 2018, that he took "3 different blood pressure pills, 2 psychic different pills, [and] 1-pill for headaches due to head trauma over the years." He then states that Defendant Funk, the head nurse at DCDC, and Defendant Johnson, the nurse practitioner, "sent word in to me that that if I keep coming up to the door and asking about my meds or trying to get my blood pressure checkout, that they would have me locked up." Based upon these allegations, on initial review of the complaint pursuant to 28 U.S.C. § 1915A for screening, the Court allowed an Eighth Amendment claim for deliberate indifference to a serious medical need and a First Amendment retaliation claim to proceed against Defendant Funk in her individual capacity.

Defendant Funk has filed an affidavit in support of her motion to dismiss in which she avers that she began her employment at DCDC on September 19, 2018, and that she never provided treatment to Plaintiff (DN 14 -2, Funk Aff.). Defendant Funk argues that the claims against her should be dismissed on these grounds.

In general, when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may not consider matters outside the pleadings. Fed. R. Civ. P. 12(b)(6). This means that "affidavits attached to briefs may not properly be considered at the motion to dismiss stage." *Cole v. Mauldin*, No. 14-11325, 2015 U.S. Dist. LEXIS 24181, at *14 (E.D. Mich. Feb.

26, 2015) (citing *Jocham v. Tuscola Cty.*, 239 F. Supp. 2d 714, 731 (E.D. Mich. 2003)). While a court may take into account documents referenced in the complaint and matters of public record, *see Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008), the complaint did not refer to Defendant Funk's affidavit and the affidavit is not a public record. *See also Rudd v. City of Norton Shores*, No. 18-CV-124, 2018 U.S. Dist. LEXIS 133746, at *11 (W.D. Mich. Aug. 8, 2018) (refusing to consider an affidavit filed in support of a Rule 12(b)(6) motion despite movant's argument that "a court may consider an affidavit that merely 'clarifies' facts alleged in a complaint" because doing so "would obliterate the distinction between a Rule 12(b)(6) motion to dismiss and a Rule 56 motion for summary judgment."). Defendant Funk fails to cite to any authority which would allow the Court to consider her affidavit at this stage in the litigation. Thus, the Court will not consider Defendant Funk's affidavit, and, therefore, her motion to dismiss must be denied.

Moreover, the Court observes that even if it were to consider Defendant Funk's affidavit, it does not actually refute Plaintiff's allegations against her. For example, although Defendant Funk avers that she did not begin her employment at DCDC until two days after Plaintiff reports that he first began requesting his prescribed medication, Plaintiff indicates that the denial of at least some of these medications was ongoing. In addition, Plaintiff does not indicate on what date(s) Defendant Funk allegedly threatened to have Plaintiff "locked up." Moreover, although Defendant Funk also avers that she never treated Plaintiff, Plaintiff's claims against her are based upon allegations that she refused to treat him and that she threatened to have him "locked up" if he continued to request his prescription medications.

## III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Funk's motion to dismiss (DN 14) is **DENIED**.

Date: May 3, 2019

Joseph H. McKinley Jr., District Judge
United States District Court

cc: Plaintiff, *pro se*
 Counsel of Record
4414.011